IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LONDIL HICKS,                    )
                                 )
                Plaintiff,       )
                                 )
        v.                       ) Civil Action No. 06-777
                                 )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
                Defendant        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this __28th__ day of September, 2007, upon due

consideration of the parties' cross-motions for summary judgment

pursuant to plaintiff's request for review of the decision of the

Commissioner of Social Security ("Commissioner") denying

plaintiff's applications for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social

Security Act ("Act"), IT IS ORDERED that plaintiff's motion for

summary judgment (Document No. 15) be, and the same hereby is,

granted and the Commissioner's motion for summary judgment

(Document No. 17) be, and the same hereby is, denied. The

Commissioner's decision of August 19, 2004, will be reversed and

this case will be remanded to the Commissioner for further

proceedings consistent with this opinion pursuant to 42 U.S.C.

§405(g).

AO 72
(Rev. 8/82)

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'"  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'"  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)).  In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'"  Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his pending applications for benefits on February 10, 2003, alleging a disability onset date of April 7, 2002, due to lower back pain, arthritis, a learning disability and "wires inside chest".  Plaintiff's applications were denied initially.  At plaintiff's request, an ALJ held a hearing on February 12, 2004, at which plaintiff, represented by counsel, appeared and testified.  On August 19, 2004, the ALJ

issued a decision finding that plaintiff is not disabled.  On February 5, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §§404.1563(c) and 416.963(c).  Plaintiff completed the tenth grade in special education classes, which is classified as a limited education.  20 C.F.R. §§404.1564 and 416.964.  He has past relevant work experience as a catering helper and a kitchen helper, but has not engaged in any substantial gainful activity since his alleged onset date.  For purposes of plaintiff's Title II application, plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient quarters of coverage to remain insured through June 30, 2004.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of lumbar strain, lumbar radiculopathy, depression, blindness in right eye, low IQ and history of drug addiction, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4.

The ALJ further found that plaintiff retains the residual

AO 72
(Rev. 8/82)

functional capacity to perform less than the full range of sedentary work with numerous restrictions. (R. 20). Relying on the testimony of a vocational expert, the ALJ found that, although plaintiff cannot perform his past relevant work, he nevertheless retains the ability to perform other work existing in significant numbers in the national economy in light of his age, education, work experience and residual functional capacity. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age,

a claimant is under a disability.   20 C.F.R. §§404.1520 and

416.920; Newell v. Commissioner of Social Security, 347 F.3d 541,

545 (3d Cir. 2003).  Generally, if the claimant is found disabled

or not disabled at any step, the claim need not be reviewed

further.  Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff contends that: (1) the ALJ improperly

rejected the vocational expert's testimony indicating that an

individual with the limitations set forth by the state agency

reviewing psychologist would be unable to work on a regular and

continuous basis; (2) the ALJ failed to obtain and consider

significant evidence in the form of a report from Dr. Barmak

containing IQ scores which potentially meet the listing for mental

retardation at listing 12.05; and, (3) the ALJ's hypothetical to

the vocational expert was inaccurate as to plaintiff's limitations

as supported by the record.  After reviewing the ALJ's decision

and the record, this court is compelled to conclude that the ALJ's

step 3 finding is not supported by substantial evidence.

At step 3, the ALJ must determine whether the claimant's

impairment matches, or is equivalent to, one of the listed

impairments.    Burnett v. Commissioner of Social Security

Administration, 220 F.3d 112, 119 (3d Cir. 2000).  The listings

describe impairments that prevent an adult, regardless of age,

---

education, work experience, and residual functional capacity.  20
C.F.R. §§404.1520 and 416.920;  Newell, 347 F.3d at 545-46.
Additionally, when there is evidence of a disabling mental
impairment, the Commissioner must follow the procedure for
evaluating mental impairments set forth in the regulations.  20
C.F.R. §§404.1520a and 416.920a; Plummer, 186 F.3d at 432.

AO 72
(Rev. 8/82)

education, or work experience, from performing any gainful activity. Knepp v. Apfel, 404 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

The burden is on the claimant to present medical findings that show that his impairment matches a listing or is equal in severity to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). However, the burden is on the ALJ to identify the relevant listed impairment in the federal regulations that compares with the claimant's impairment. Id. at 120 n.2. Moreover, the ALJ must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." Id.

The relevant listed impairment at issue in this case is that for mental retardation at Listing 12.05. This listing provides in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .

        C. A valid verbal, performance, or full scale
IQ of 60 through 70 and a physical or other
mental impairment imposing an additional and
significant work-related limitation of
function; ....

20 C.F.R., Part 404, Subpart P, Appendix 1.

The Third Circuit has stated that under this regulation, "'a claimant is presumptively disabled if a) he is mentally retarded, as evidenced by an IQ between 60 and 70, and has been since before the age of 22; and b) he has another impairment, in addition to the mental retardation, that imposes an additional and significant work-related limitation.'" Burns v. Barnhart, 312 F.3d 113, 124 (3d Cir. 2002) (quoting Williams v. Sullivan, 970 F.2d 1181, 1184 (3d Cir. 1992)).

Here, there is no dispute that plaintiff satisfies the (b) prong of listing 12.05.C., i.e., that "he has another impairment ... that imposes an additional and significant work-related limitation." The ALJ expressly found in his decision that plaintiff suffers from the other severe impairments of lumbar strain, lumbar radiculopathy, depression, blindness in right eye and history of drug addiction. (R. 18). Under the regulations, the (b) prong is satisfied by a finding that the other impairment is "severe" within the meaning of step 2 of the sequential evaluation process. See Markle v. Barnhart, 324 F.3d 182, 186 (3d Cir. 2003); 20 C.F.R. §§404.1520(c) and 416.920(c); 65 Fed. Reg. 50746, 50772 (August 21, 2000).

In addition, the state agency reviewing psychologist referenced in his assessment a report from Dr. Barmak from May of

AO 72
(Rev. 8/82)

1995 containing IQ scores of verbal IQ of 68, performance IQ of 69 and full scale IQ of 67. These scores, if valid, would meet the (a) prong of Listing 12.05C. It is the ALJ's improper handling of this information that is grounds for remand in this case.

The ALJ clearly was aware of these IQ scores through both the state agency reviewing psychologist's report and through plaintiff's counsel at the hearing. The ALJ even acknowledged the scores in his decision. However, without making any effort to obtain the report or analyzing it under the appropriate regulations, the ALJ simply brushed it aside by noting that he could find "no verification of the testing that resulted in these scores or the time it was performed." (R. 18). He then added that he would be "skeptical of the validity of any scores he produced during the time of his addiction." Id.

While it is true that the Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record, Markle, 324 F.3d at 186, neither may "[a]n ALJ ... reject IQ scores based on personal observations of the claimant and speculative inferences drawn from the record." Morales, 225 F.3d at 318. The court believes that the ALJ's rejection of the IQ scores in this case could only have been based on speculative inferences drawn from the record because he never made any effort to obtain the report from Dr. Barmak discussing the scores, and in fact, questioned its very existence.

It is well established that ALJ's have a duty to develop a full and fair record in social security cases and they must strive

AO 72
(Rev 8/82)

to insure that there is sufficient medical and other evidence presented to permit a rational resolution of the claim. Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) (citing, inter alia, Smith v. Harris, 644 F.2d 985, 988-89 (3d Cir. 1981) and Hess v. Secretary of Health, Educ. & Welfare, 497 F.2d 837, 840-41 (3d Cir. 1974)). In addition, the United States Supreme Court has emphasized that Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000).

Here, with respect to plaintiff's IQ scores, the ALJ failed to develop adequately the administrative record by failing to obtain and analyze a report that was brought to his attention not only by plaintiff, but by the state agency reviewing psychologist, who, incidentally, in reporting Dr. Barmak's scores did not question their existence or, apparently, their validity.

The court therefore will vacate the ALJ's decision and remand this matter for further development concerning whether plaintiff's condition meets or equals the impairment listed at §12.05.C. In addition, the ALJ must also undertake an evaluation of the evidence to determine whether plaintiff otherwise suffers from significantly subaverage general intellectual functioning manifesting itself before the age of 22 as required to meet the introductory criteria to Listing 12.05.C. Finally, if, after due consideration of Dr. Barmak's report, the ALJ concludes that plaintiff does not meet the listing at 12.05.C, he should re-

AO 72
(Rev. 8/82)

- 9 -

evaluate his residual functional capacity finding and step 5 finding if there is anything in Dr. Barmak's report which would alter those findings.[2]

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

_s/Gustave Diamond_
Gustave Diamond
United States District Judge

cc:   Karl E. Osterhout, Esq.
      1789 South Braddock Avenue
      Suite 570
      Pittsburgh, PA 15218

      Megan Farrell
      Assistant United States Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

---

[2]   In its brief, the Commissioner argues that this court should not have considered Dr. Barmak's report because it was not part of the record before the ALJ and does not meet the standards for consideration of new evidence as set forth in Matthews v. Apfel, 239 F.3d 589 (3rd Cir. 2001), because it is not material. The court disagrees. As noted above, if the IQ scores are valid, and a finding is made that the provisions of the introductory paragraph of 12.05 are met, plaintiff meets the listing and is disabled. Moreover, the IQ scores themselves were before the ALJ who acknowledged them in his decision but made no effort to obtain the relevant report containing them. Thus, to the extent the report was not part of the record below, it was because the ALJ breached his duty to fully develop that record.

AO 72
(Rev. 8/82)